UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:19-CR-00092 |
|---|---|---|
| VS. | : | JUDGE ROBERT G. JAMES |
| DEXTER NASH | : | MAGISTRATE JUDGE KAY |

RULING AND REASONS

Before the Court is a "Motion for Revocation of Detention Order" (Rec. #21) wherein Defendant Dexter Nash moves the Court to conduct a *de novo* review of the facts relating to Magistrate Judge Kathleen Kay's order[1] issued on May 3, 2019. Nash seeks to revoke the order of detention issued by the Magistrate Judge or in the alternative, an evidentiary hearing before the District Court as to the issue of pretrial detention. Nash argues that his detention pending the trial of this matter violates the policies of the Bail Reform Act of 1984. He further asserts that the order is not based on clear and convincing evidence of dangerousness. For the reasons that follow, the motion is denied.

Nash was charged by bill of information with one count of Possession with Intent to Distribute Controlled Substances[2] and one count of Possession of a Firearm

---

[1] Rec. #17.
[2] 21 U.S.C. § 841 (a)(1).

1

in Furtherance of a Drug Trafficking Crime.[3] On May 1, 2019, Nash made an initial appearance before the Magistrate Judge and a detention hearing was held on May 3, 2019. The Government moved for detention pending trial and the United States Office of Probation and Pretrial Services recommended detention.

At the detention hearing, Mrs. Nash, Nash's mother, testified and informed the Court that she would be willing to act as a third-party custodian for her son and allow him to live with her pending the trial. Mrs. Nash also testified that she was aware that her son had a continuing substance abuse problem.

The Government called one witness, an ATF agent who testified that Nash was first involved in a traffic stop in which cocaine and two small children were found in the motor vehicle the Defendant was occupying. Thereafter, while executing a search warrant of Nash's home, agents discovered and confiscated a large amount of powder cocaine, crack-cocaine, an AK-47 style rifle with two 30-round-magazines taped together, and numerous other items commonly associated with the trafficking of narcotics.

The Agent further testified that at the time of the initial stop and search warrant, Nash was out on bond for other unrelated state charges involving similar offenses. Also worthy of mentioning is the fact that according to paper work obtained from the Louisiana Work Force Commission, Nash had not claimed an income since

---

[3] 18 U.S.C. § 924(c).

2009. Finally, the Agent testified that Nash had a history of attempts to destroy evidence.

Nash maintains that the United States failed to show that there are no conditions of release that could reasonably assure the appearance of the Defendant or the safety of the community. Nash argues that the detention order should be revoked because: (1) the Defendant does not have a felony conviction; (2) the Defendant was not in actual possession of the firearm; (3) Defendant's fiance' is the registered owner of the firearm, and (4) the United States failed to present evidence that the Defendant has committed an act of violence.

This Court conducts a *de novo* evaluation of a pretrial detention.[4] The Bail Reform Act of 1984 provides that if there is probable cause that the defendant committed a crime under 21 U.S.C. § 801, *et seq.*, carrying at least a maximum sentence of ten years, or committed a felony that involves the possession of a firearm, a rebuttable presumption is created that no conditions of release could reasonably assure the appearance of the defendant or the safety of the community. That presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion."[5]

Mr. Nash contends that the Government has failed to show that there are no conditions or combination of conditions which could be set that would "reasonably

---

[4] *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).
[5] *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *Rueben*, 974 F.2d at 586; *United States v. Barker,* 876 F.2d 243, 251 (5th Cir. 1985).

3

assure" the safety of the community or the Defendant's appearance. Nash asserts there was no evidence that he poses a danger to the community and he has never been convicted of a felony. He further asserts that the Government did not present any evidence that he possessed the firearm in question, and he is not the owner of the firearm that was taken from the residence. Nash remarks that his fiance′ is the registered owner of the AK-47; the Court notes that there is no evidence in the record to establish this as fact.

Nash is being indicted under the Controlled Substances Act,[6] and possession of a firearm.[7] Each of these offenses triggers a rebuttable presumption under 18 U.S.C. § 3142(e) that no condition or combination of conditions will assure the defendant's appearance at trial or the safety of the community if he is released.

The Magistrate Judge considered the fact that Nash had no prior felony convictions. However, of significance, the Magistrate Judge also considered that Nash was out on bond pending trial for similar offenses when he committed the offense he is being indicted for in this case.

Nash argues that the AK-47 was not in his actual possession and it was not registered in his name. As previously noted, there is no evidence to establish that Nash's fiance′ was the registered owner of the firearm. Furthermore, the Government witness testified that the AK-47 was found at the residence, under his bed. Possession

---

[6] 21 U.S.C. § 801, *et seq.*
[7] 18 U.S.C. § 924(c).

may be actual or constructive and may be proved by circumstantial evidence.[8] Constructive possession is the knowing exercise of or the knowing power or right to exercise dominion and control over the contraband.[9] Constructive possession may involve the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found.[10] The Court agrees with the Government that the Agent clearly established that Nash had constructive possession of the firearm.

Even though Nash had not been convicted of a prior felony, the instant indictment is for the same or virtually similar but unrelated offenses for which he is out on bond. This offense included large amounts of cocaine and crack-cocaine and the constructive possession of an AK-47 accompanied by two loaded magazines. When Nash was initially stopped for running a red light, law enforcement found cocaine in Nash's vehicle. There were two 3-year old children in the vehicle at the time of the stop. The Government agent testified that the stop was delayed; cocaine was found in Clorox which the Agent testified was a deliberate attempt to destroy the evidence. Finally, on cross-examination, Nash's mother testified that Nash had a continuing drug abuse problem.

18 U.S.C § 3142(g) provides certain factors for the court to consider to determine if detention is warranted. After a *de* novo review of the record, including

---

[8] *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998).
[9] *Id.*
[10] *Id.* (*citing United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1999); *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

the transcript of the detention hearing, the Court is satisfied that the Magistrate considered these factors and properly ordered detention pending the trial of this matter. Accordingly, it is

**ORDERED** that the Motion for Revocation of Detention Order (Rec. #21) is hereby **DENIED.**

**SIGNED** on this 4th day of June, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE